**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 1:19-CR-232** |
| | ) | **Hon. Liam O'Grady** |
| **BRIAN PATRICK BAYNES,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S MOTION TO SEAL AND MEMORANDUM IN SUPPORT

Pursuant to Local Criminal Rule 49(E), the defendant, Brian Baynes, through counsel, moves for an Order sealing "Defendant's Position On Sentencing Factors." A proposed Order is attached for the Court's consideration.[1]

I. Item to be Sealed and Necessity for Sealing

    A. The defendant asks the Court to seal "Defendant's Position on Sentencing Factors," to be filed with the Court on November 18, 2019.

    B. Sealing is necessary in order to safeguard the privacy and safety of the defendant in that the document contains sensitive personal information. Counsel for the defendant has considered procedures other than sealing and none will suffice to protect this information from disclosure.

II. Previous Court Decisions Which Concern Sealing Documents

    A. The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672

---

[1] The document to be sealed will be filed with the Court non-electronically pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures (*see* p. 16). Pursuant to the Local Rules, the sealed document is to be treated as sealed pending the outcome of this motion.

F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

    B.    This Court previously has sealed documents in other cases dealing with the same or similar subject matters as the material sought to be sealed in this matter.

III.    Period of Time to Have the Document Under Seal

    A.    The material to be filed under seal would need to remain sealed permanently or until unsealed by the Court.

Accordingly, the defendant respectfully requests that an Order be entered allowing the aforementioned memo, and accompanying exhibit, to be placed Under Seal. An appropriate Order is attached.

Respectfully submitted,

By:    /s/_____
Shannon S. Quill
Va. Bar # 76355
Assistant Federal Public Defender
Attorney for B. Baynes
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0800 (telephone)
(703) 600-0880 (facsimile)
Shannon_Quill@fd.org (email)

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 18th day of November, 2019, I will electronically file the foregoing with the Clerk of court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

       Anthony Mariano, Special Assistant United States Attorney
       United States Attorney's Office
       2100 Jamieson Avenue
       Alexandria, VA   22314

       Pursuant to the Electronic Case Filing Policies and Procedures, a courtesy copy of the forgoing pleading will be delivered to Chambers within one business day of the electronic filing.

       /s/
Shannon S. Quill, Esquire
Virginia bar No. 76355
Attorney for B. Baynes
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA   22314
(703)600-0850 (telephone)
(703)600-0880 (facsimile)
shannon_quill@fd.org